[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #117
The plaintiff has brought this action against the City of New Haven and Robert G. Sheeley, former Director of Parks and Recreation. The plaintiff claims that she was injured on July 4, 1988, when she tripped and fell in the parking lot of East Shore Park while she was returning to her car after viewing a fireworks display. The first count of the complaint sounds in negligence against the defendant, Sheeley, and the second count is against the City of New Haven, pursuant to 7-465 of the Conn. Gen. Stats.
The defendants have moved for summary judgment on both counts of the complaint on the basis that (1) the plaintiff's claims are barred by Conn. Gen. Stat. 52-557f, et seq. (Recreational Use Act) and 52-557n (Governmental Immunity).
Sec. 52-557g(a) provides:
CT Page 9392 "Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreation purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes."
There appears to be no question but that East Shore Park, and its parking lot where the plaintiff claims to have fallen, is a public park owned by the City of New Haven and that the plaintiff was at that location on July 4, 1988 to view a fireworks display sponsored by the City, for which she was not charged a fee.
The recreational use statute has been held to apply to property owned by municipalities. Manning v. Barenz, 221 Conn. 256
(1992). However, the plaintiff claims that the recreational use statute does not apply to the case at hand. First, she claims that because she was returning to her car after the fireworks display had ended, she was not engaged in a "recreational purpose" at the time of her injury. However, the court does not agree with such a restricted view of the statute. "Recreational purpose" must necessarily include travel to and from the activity in question on the premises where that activity is taking place in order for the intent of the statute to be achieved.
The plaintiff also claims that a fireworks display is not a "recreational purpose" since it is not specifically included in the definition of that term contained in 52-557f(4). Although the definition cited by the plaintiff enumerates various activities which are included in the term "recreational purpose," the statute clearly states that such term "is not limited to" those specific activities. See Manning v. Barenz, supra, 263, 264.
Ballentine's Law Dictionary, 3rd Ed., defines "Recreation" as "Amusement, play or other form of relaxation, by way of CT Page 9393 refreshment of mind or body." The use of a public park to enjoy the spectacular beauty of a fireworks display would certainly appear to come within that definition.
It is therefore the opinion of the court that the plaintiff's claims against both defendants[1] are barred by Conn. Gen. Stat. 52-557f, et seq. and the defendants' motion for summary judgment is accordingly granted.[2]
Bruce W. Thompson, Judge